UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY L. DUBIN, *et al.*,

       Plaintiffs,         Case No. 11-cv-12640
                                    HON. GERSHWIN A. DRAIN

vs.

BAC HOME LOANS SERVICING, LP, *et al.*,

       Defendants.

_____/

ORDER ACCEPTING REPORT AND RECOMMENDATION (# 25), OVERRULING
PLAINTIFFS' OBJECTIONS (#26), GRANTING DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS (# 16),
AND DISMISSING PLAINTIFFS' CLAIMS

## I. INTRODUCTION

Magistrate Judge Mona K. Majzoub filed a report and recommendation on November 6, 2012, recommending Defendants' Motion for Judgment on the Pleadings be granted, and that the Plaintiffs' complaint be dismissed. On November 20, 2012, Plaintiffs filed objections to the report and recommendation.

## II. PROCEDURAL AND FACTUAL HISTORY

The instant matter was removed from Oakland County Circuit Court by Defendants, where a complaint was filed by Jeffrey and Tammy Dubin (the "Dubins") seeking to challenge the foreclosure of a mortgage that encumbered property located at 4174

Hardwood, West Bloomfield, Michigan 48323 (the "Property"). The Dubins bring three claims: quiet title, count I; breach of M.C.L. § 600.3205, count II[1]; and deceptive act and/or unfair practice, count III[2].

Presently before the court are the Dubins' objections to Magistrate Judge Mona K. Majzoub's report and recommendation regarding the Dubins' Motion for Judgment on the Pleadings. For the reasons that follow, the Court **ADOPTS** Magistrate Judge Majzoub's report and recommendation and **OVERRULES** the Dubins' objection.

### III.   ANALYSIS

The standard of review to be employed by the court when examining a report and recommendation is set forth in 28 U.S.C. § 636.  This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).  This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006).  "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir.1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the

---

[1] The Complaint erroneously assigns Count VI to what should be Count II.

[2] The Complaint erroneously assigns Count VII to what should be Count III.

findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380). The parties' failure to file objections to the report and recommendation waives any further right to appeal. *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to the magistrate judge's report releases the Court from its duty to independently review the motion. *Thomas v. Arn*, 474 U.S. 140 (1985).

The Sixth Circuit has held that "objections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error" are too general. *Miller*, 50 F.3d at 380. The Dubins' objections simply identify the discrete claims for which the magistrate judge's recommendations were adverse to them and then urged that they instead be resolved in their favor. In its order addressing the Dubins' objections, the Court would effectively duplicate the same tasks that the magistrate judge has already performed. "This duplication of time and effort waste judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act." *Howard v. Secretary of HHS*, 932 F.2d 505, 509 (6th Cir. 1991).

The Dubins' do not explain why Magistrate Judge Mona K. Majzoub's legal analysis is faulty or incorrect with regard to any particular issue. Instead, the Dubins regurgitate their prior arguments in support of their objection to the motion for judgment on the pleadings without explaining why the conclusion contained in the report and recommendation are erroneous with regard to any of those claims.

> Objections to an R&R are not a subsequent opportunity to reargue the merits of a case, they are an opportunity to demonstrate to this Court particular errors in the reasoning of the Magistrate Judge. The purpose of the Federal Magistrates Act was to promote efficiency of the judiciary, not undermine it by allowing parties to relitigate every argument which it presented to the

Magistrate Judge.

Therefore,[a] [plaintiff] may not simply address the same arguments that the magistrate judge considered and expect the Court to treat the filing seriously. Instead, a [plaintiff] ought to explain to the reviewing Court, citing proper authority, why the magistrate judge's application of law to facts is legally unsound. . . .

*Johnson v. Artus*, 2009 U.S. LEXIS 44839, Case No. 07 Civ. 5905, at *2-4. (S.D.N.Y. May 28, 2009) (internal citations omitted)

This Court declines to reject Magistrate Judge Mona K. Majzoub's findings and conclusions without specific objections from the Dubins. Therefore, the Court adopts Magistrate Judge Mona K. Majzoub's November 6, 2012, report and recommendation in its entirety.

## IV. CONCLUSION

Accordingly,

The Dubins' objections are OVERRULED. Consistent with the analysis herein, the court hereby ACCEPTS Magistrate Judge Mona K. Majzoub's November 6, 2012, report and recommendation [#25], GRANTS Defendants' motion for judgment on the pleadings [#14], and DISMISSES the Dubins' complaint.

SO ORDERED.

Dated: March 26, 2013

          /s/ Gershwin A. Drain
          GERSHWIN A. DRAIN
          UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 26, 2013, by electronic and/or ordinary mail.

/s/ Tanya Bankston
Deputy Clerk